# BARTON

**RANDALL LAUREL RASEY**
**DIRECT: 212.885.8822**
RRASEY@BARTONESQ.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/20

ATTORNEYS AT LAW

711 Third Avenue
14th Floor
New York, NY 10017

(212) 687.6262 Office
(212) 687.3667 Fax

bartonesq.com

November 27, 2020

**BY ECF**
Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, NY 10007

Re:   *One World, LLC, et al. v. Nikolaos Onoufriadis, et al.*, SDNY 20-cv-05802 (CM) – Letter Motion by Defendant Michael Karloutsos for Order of Reference to Magistrate Judge to Address His Application to Quash Plaintiffs' Subpoena to Wells Fargo Bank

Dear Chief Judge McMahon:

Our law firm represents defendant Michael Karloutsos ("Karloutsos") in the above-referenced case. I write pursuant to Section V.B of Your Honor's Individual Practices and Procedures, to ask for an order of reference to the Magistrate Judge to address our application, pursuant to Fed. R. Civ. P. 26(c) and 45(d)(3), to quash and/or for a protective order against plaintiffs' Subpoena dated November 18, 2020 to non-party Wells Fargo Bank (the "Subpoena").[1] The Subpoena seeks broad disclosure of Karloutsos's confidential financial affairs irrelevant to this case, and should be quashed as harassing and an improper fishing expedition.

Plaintiffs issued the Subpoena just five days after the Court's Initial Pretrial Conference in this case, by which they seek sweeping disclosure of virtually all personal and business banking activity by Karloutsos and his company, MAK Consulting, LLC ("MAK"), with Wells Fargo since January 1, 2017. Plaintiffs have not alleged any actual link between MAK or Karloutsos's banking activity and the alleged wrongdoing, and if any such link were to exist they could discover it through party or other non-party discovery. Indeed, plaintiffs have already issued nine additional document subpoenas to various non-parties, including one to MAK.

This is a RICO case. Plaintiffs are a United Kingdom-based Greek citizen, Gabriel Chaleplis ("Chaleplis"), and a company which Chaleplis formed as his personal investment

MEMO ENDORSED

---

[1] A copy of the Subpoena is submitted herewith.

00302713.3

11/30/2020 The subpoena is stayed pending Plaintiff's response to this letter, which I treat as a motion to quash. Response due Friday 12/4. M. Karey to notify Wells Fargo. CM

Hon. Colleen McMahon
November 27, 2020
Page 2 of 2

vehicle in the United States, One World LLC ("One World"). Defendants are Nikolaos Onoufriadis ("Onoufriadis"), who was One World's manager and minority member, and Onoufriadis's Boston-based company Canncore, Inc. ("Canncore"); Philadelphia attorney James Rodgers ("Rodgers"), who was One World's secretary and legal counsel; and Karloutsos, who lives in Virginia and, as plaintiffs concede, was never a member or officer of One World.

In their Amended Complaint (Doc. No. 33), plaintiffs claim that defendants conspired with various parties in the United States and Greece to induce Chaleplis to invest through One World millions of euros in a medicinal cannabis business opportunity in Greece, which funds they allege were diverted back to defendants and their associates in the United States. Plaintiffs purport to identify a number of particular transfers of One World funds involving Onoufriadis and Rodgers which they contend were part of a fraudulent scheme to divert their money.

But plaintiffs do not identify any such transaction involving Karloutsos or MAK, or any facts from which one could reasonably conclude that Karloutsos even knew of the alleged scheme. Their claims against Karloutsos are premised entirely on "guilt by association", i.e. that because Karloutsos discussed other business opportunities with Chaleplis and Onoufriadis, was friends with Rodgers, and had professional and personal connections in Greece, then he might have been part of the alleged scheme. On October 30, 2020, we filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss all claims against Karloutsos (Doc. No. 39).

On the morning of November 25, I discussed the Subpoena and this application to quash it with plaintiffs' attorney Bob Kasolas, Esq. Mr. Kasolas recited to me a litany of suspect financial transactions involving Onoufriadis and Rodgers relating to real estate transactions in Massachusetts, none of which involved Karloutsos. Mr. Kasolas could not identify any transaction involving Karloutsos or MAK, but asserted that Karloutsos must have been involved in the alleged wrongdoing because of his friendship with Rodgers and past contacts with Onoufriadis (for example, plaintiffs allege that a member of Karloutsos's family baptized Onoufriadis's son in the Greek Orthodox Church).

Plaintiffs' bare, speculative allegations and accusations do not entitle them to peruse four years' worth of Karloutsos's unrelated, confidential personal and business financial affairs. Aside from being egregiously overbroad and seeking irrelevant documents, their Subpoena is at best premature, given that party discovery has not yet begun and plaintiffs' other subpoenas remain outstanding.

Therefore, we ask the Court to quash the Subpoena, or, in the alternative, to issue a protective order precluding its enforcement. Thank you for the Court's consideration.

Respectfully,

Randall L. Rasey

Enclosure
CC: All Counsel of Record
Wells Fargo Bank

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| ONE WORLD, LLC and GABRIEL CHALEPLIS<br>*Plaintiff*<br>v.<br>NIKOLAOS ONOUFRIADIS, JAMES M. RODGERS, ESQ., MICHAEL KARLOUTSOS and CANNCORE, INC.<br>*Defendant* | )<br>)<br>)  Civil Action No. 1:20-CV-05802<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Wells Fargo Bank
ATTN: SUBPOENA PROCESSING
313 W Mount Pleasant Ave, Livingston, NJ 07039

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE SCHEDULE "A" ATTACHED

| Place: BRACH EICHLER LLC<br>101 Eisenhower Parkway<br>Roseland, NJ 07068 | Date and Time:<br>12/03/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/18/2020

CLERK OF COURT

OR

_____   Bob Kasolas, Esq.
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* One World, LLC and Gabriele Chaleplis _____, who issues or requests this subpoena, are:
Bob Kasolas, Esq., Brach Eichler LLC, 101 Eisenhower Parkway, Roseland, NJ 07068
bkasolas@bracheichler.com; 973.403.3139

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-CV-05802

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## INSTRUCTIONS

1. In responding to this Subpoena Duces Tecum, you shall furnish all documents within your possession, custody or control, wherever located, including documents in the possession of attorneys, representatives, agents or other persons acting on your behalf. If you cannot respond to this document request in full after exercising due diligence to secure the documents requested, you shall so state and respond to the extent possible, specifying the nature of your inability to respond to the remainder.

2. If any portion of any document is responsive to any request, then the entire document should be produced. If any requested document cannot be produced in full, please produce the document to the extent possible, specifying the reason for your inability to produce the remainder of the document.

3. All documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container unless that is not possible. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document.

4. If any responsive document was, but is no longer, in your possession or subject to your control, please state, in writing, whether the document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily to another person or entity, the name and address of such person or entity, and at whose request such transfer or delivery was made; or (d) has been otherwise disposed of. For each instance, please state the date or approximate date of such disposition and explain the circumstances surrounding such disposition.

5. If you contend that you are entitled to withhold from production any requested document on the basis of the attorney-client privilege, furnish a privilege log containing at least the following information:

      (i)    the nature of the privilege asserted;
      (ii)   the basis for asserting the privilege;
      (iii)  the identity of the author or sender of the document(s);
      (iv)  the identity of any addressee(s) or recipient(s) of the document(s);
      (v)   the date of the document(s);
      (vi)  the type of document (*e.g.* memorandum, letter, note, email, etc.); and
      (vii) the subject matter of the document.

6. If you contend that you are entitled to withhold from production any requested document on the basis of the attorney work-product doctrine, identify the proceeding for which the document(s) was/were prepared and state the basis upon which you contend you are entitled to withhold the document(s) from production.

7. If a portion of any responsive document is protected from disclosure by the attorney-client privilege, attorney work-product doctrine or any other reason, such document must be produced with redaction of the portion claimed to be protected, provided that the document (i)

is marked with the legend "Redacted" on the document at each place where information has been redacted; and (ii) each redaction is separately entered in a privilege log.

8. The singular shall be deemed to include the plural, the plural to include the singular, and words in the masculine, feminine or neuter shall include each of the other genders as necessary to make an interrogatory inclusive rather than exclusive. The past tense of any verb includes the present tense and the present tense includes the past tense.

9. These requests are to be read and interpreted in accordance with the definitions set forth below.

## DEFINITIONS

The uniform definitions in discovery requests set forth in Rule 26.2 and 26.3 of the Local Rules of the United States District Court for the Southern District of New York, are incorporated as though set forth fully herein. Further, whenever the following words or phrases are used below, they shall be deemed to mean the following:

1. The term "document" is defined in accordance with Rule 34 of the Federal Rules of Civil Procedure and is intended to include all "writings", all drafts of documents and all documents in your actual or constructive possession, custody or control and whether prepared, published or released by you or by any other person or entity. Without limitation on the foregoing, the term "document" shall include any copy which differs in any respect from the original or other versions of the document, such as copies containing notations, insertions, corrections, marginal notes or any other variations. Among other things, the term "document" is defined to include without limitation any writing, letter, telegram, meeting minutes, memorandum, electronic mail, statement, manual, bulletin, report, test results, claim, advice, book, record, order, demand, contract, publication, photograph, survey, map, study, list, notes, handwritten note, working paper, chart, tabulation, graph, magnetic disk, magnetic tape, recording, audio tape, videotape, transcript of recordings, certificate, drawing, phone record, financial record, business record, data sheet, data processing card, printout, microfilm, microfiche, scanned image, index, diary entry, notes of interview or communication, or any other data compilation from which information can be obtained.

Consistent with Rule 34, the term "document" includes computerized, electronic or other data compilations from which information can be obtained and translated into usable form, including but not limited to, files contained on your personal computer, work computer and/or all computers in which you have utilized, including but not limited to the computer(s) hard drive, portable hard drives, diskettes, CD-rom, floppy, backup tapes and/or drives, zip drives, flash drives, blackberry and/or cell phone.

2. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. The term "You," "Wells Fargo," "WF" and/or "Wells" refers to Wells Fargo Bank, N.A., any of it employees, partners, associates, subsidiaries, affiliates, branches, predecessors, directors, officers, agents, accountants, assignees, attorneys and/or representatives.

BE:11376395.1/CHA379-277986

4. The term "MAK Consulting," "MAK" and/or "MAK Consulting, LLC" refers to MAK Consulting, LLC (a Pennsylvania limited liability company), and any of its members, managing members, former or present subsidiaries, parents, affiliates, firms, predecessors, accounts, directors, officers, agents, accountants, assignees, attorneys or employees

5. The term "Karloutsos" and/or "Michael Karloutsos" refers to Michael A. Karloutsos, and any of his former or present subsidiaries, parents, affiliates, firms, predecessors, accounts, directors, officers, agents, accountants, assignees, attorneys or employees.

6. The term "One World" or "OW" refers to One World, LLC (a Delaware LLC).

7. The term "concerning" or "regarding" means relating to, referring to, describing, evidencing or constituting;

8. The term "relating to" means regarding, referring to, alluding to, responding to, concerning, connected with, commenting on or in respect of, analyzing, touching upon, consisting and being, and is not limited to contemporaneous events, actions, communications or documents.

9. The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive. Similarly, the past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive. Also, the singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

10. The terms "any" and "all" shall mean each and every and any and all.

## SCHEDULE A

## DOCUMENTS REQUESTED BY SUBPOENA

1. Any and all bank account statements (digital and hard copy), financial account statements (digital and hard copy), deposit slips, processed check images and/or wiring instructions/wiring confirmations for any MAK Consulting bank account(s) with Wells Fargo for the time period of January 1, 2017 through the present.

2. Any and all correspondence, applications and/or documents in your records (whether digital or written) relating to the opening, establishment and/or closing of any MAK Consulting bank account(s) with Wells Fargo for the time period of January 1, 2017 through the present.

3

3.      Any and all documents of any kind relating to all wires (both domestic and international) made into and/or out of any MAK Consulting bank account(s) with Wells Fargo for the time period of January 1, 2017 through the present.

4.      Any and all bank account statements (digital and hard copy), deposit slips, processed check images and/or wiring instructions/wiring confirmations for any and all bank account(s) that Karloutsos has and/or had with Wells Fargo for the time period of January 1, 2017 through the present.

5.      Any and all correspondence, applications and/or documents in your records (whether digital or written) relating to the opening, establishment and/or closing of any bank account(s) that Karloutsos has and/or had with Wells Fargo for the time period of January 1, 2017 through the present.

6.      Any and all documents of any kind relating to all wires (both domestic and international) made into and/or out of any bank account(s) that Karloutsos has and/or had with Wells Fargo for the time period of January 1, 2017 through the present.

7.      Any and all loan documents, mortgage documents, loan files, monthly statements and/or lines of credit of any kind relating to any and all loans, debit cards, home mortgage loans and/or credit cards that MAK Consulting has with Wells Fargo.

8.      Any and all loan documents, mortgage documents, loan files, monthly statements and/or lines of credit of any kind relating to any and all loans, debit cards, home mortgage loans and/or credit cards that Karloutsos has with Wells Fargo.

9.      Any and all bank account statements (digital and hard copy), financial account statements (digital and hard copy), deposit slips, processed check images and/or wiring instructions/wiring confirmations for the MAK Consulting bank account(s) with Wells Fargo

that MAK Consulting deposited the March 27, 2019 One World check # 1003 into for $5,634.68 on or about April 2, 2019 for the time period of January 1, 2017 through the present.

5